UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUL 09 2007
CLERK

```
******************************************************************
                              *
SECURITIES AND EXCHANGE       *     CIV 07-4058
COMMISSION,                   *
                              *
            Plaintiff,        *
                              *
      vs.                     *
                              *     MEMORANDUM OPINION
RICHARD R. HYLLAND,           *     AND ORDER
                              *
            Defendant.        *
                              *
******************************************************************
```

      The Defendant filed a Consent, Doc. 3, admitting the Court's jurisdiction over him and the subject matter of this action. He also consented to the entry of the proposed final Judgment, which includes the imposition of a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The Court required the parties to submit additional information to justify the proposed final Judgment in this case, which has been reviewed by the Court.

      Defendant contends the Court should not consider his net worth in deciding whether to approve the Consent. The Court disagrees and finds it is not prohibited from considering Defendant's net worth. The parties correctly cite authority providing that, "[w]hen reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy." *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992) (referred to herein as "*Metropolitan*"). The Court recognizes the factors for determining the amount of a civil penalty cited in the May 17, 2007, Memorandum Opinion and Order, apply primarily when the Court is required to determine the civil penalty after there has been a finding that the defendant violated the securities laws. As recognized by the Eighth Circuit in *Metropolitan*, 952 F.2d at 1044, a court reviewing a settlement is not *required* to apply the same standards to the settlement as it

applies in determining the appropriate civil penalty to be imposed against a party found to be in violation of a federal law. But *Metropolitan* does not hold that the Court is precluded from evaluating such factors to the extent they are relevant to the determination of whether the settlement is fair, reasonable and adequate. Thus, the Court will consider all of the sanctions the Defendant faces, which in this case are exclusively civil penalties at the present time; as well as considering cooperation the Defendant has provided to enforcement authorities; whether the defendant has admitted wrongdoing; and, the defendant's financial worth. *See United States Sec. and Exch. Comm'n v. Church Extension of the Church of God, Inc.*, 429 F.Supp.2d 1045, 1050-51 (S.D. Ind. 2005) (citations omitted); *Securities and Exch. Comm'n v. Sargent*, 329 F.3d 34, 42 (1st Cir. 2003); *Securities and Exch. Comm'n v. Yun*, 148 F.Supp.2d 1287, 1295 (M.D. Fl. 2001). Because there has not been a finding by a trier of fact that the Defendant violated the securities laws, the Court is unable to consider the other factors cited by courts in determining the amount of a civil penalty to impose, including "the seriousness of the violations, the defendant's intent, whether the violations were isolated or recurring, ...[and] the losses or risks of losses caused by the conduct. " *Church Extension*, 429 F.Supp.2d at 1050-51. Although there is no finding that Defendant's alleged conduct caused loss to NorthWestern's shareholders, the Court is aware that NorthWestern's shareholders suffered severe financial losses as a result of NorthWestern's bankruptcy.

As mentioned in the Court's previous Order, the penalty in this case is considered a Tier III penalty under the applicable statutes, which require that the Defendant's violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and that "such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C), and 15 U.S.C. § 78u(d)(3)(B)(iii).

The Court is generally familiar with the facts of this case because the litigation in *In re NorthWestern Corp. Sec. Litig.*, CIV 03-4049 (D.S.D.) and *In re: Northwestern Derivative Litigation*, CIV 03-4091 (D.S.D.) were pending before this Court and various hearings were held in those actions. The Consent entered into by the parties indicates that Defendant is neither admitting nor denying the allegations of the complaint, but Defendant is consenting to the entry of judgment

2

imposing various sanctions, including a $150,000 civil penalty pursuant to 15 U.S.C. § 77t(d) and 15 U.S.C. § 78u(d). Another significant penalty imposed pursuant to 15 U.S.C. § 78u(d)(2) is that Defendant is prohibited for five years following the date of entry of final judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to 15 U.S.C. § 78l or that is required to file reports pursuant to 15 U.S.C. § 78o(d), which he contends will cost him more than $1,000,000 in lost income. In addition, the Consent contains a five-year bar preventing Defendant from appearing or practicing before the Securities and Exchange Commission ("SEC") as an accountant. These provisions will likely prevent Defendant from earning the significant salary he might otherwise be capable of earning based upon his prior work experience even though the results obtained while president and chief operating officer of NorthWestern might also diminish some of his employment opportunities. The Court does not find the prohibition from violating the securities laws to be a significant penalty, because even absent such an agreement, Defendant like everyone else is required to obey the securities laws or be penalized accordingly.

As to Defendant's cooperation, Defendant represents he fully cooperated in the Securities and Exchange Commission's ("SEC") investigation, including providing four days of testimony at the SEC's offices. Another provision in the Consent is that Defendant will cooperate in any further investigation or proceedings against others arising out of or related to the NorthWestern investigation. The SEC does not dispute Defendant's representations regarding his cooperation.

Financially, the $150,000 civil penalty in this case is not a hardship to Defendant. The Court recognizes the SEC considered Defendant's net worth in establishing the amount of the civil penalty it would seek from Defendant. Also, the SEC has not alleged Defendant sold stock in NorthWestern at artificially inflated prices. The Court has considered several cases cited by the SEC involving senior executives and fraudulent accounting or disclosures in which monetary penalties similar to the penalty agreed to by the parties in this action were agreed to by the SEC and approved by courts. Defendant represents that when the settlement negotiations began with the SEC, the $150,000 civil penalty was proposed by the SEC and it was ultimately agreed to by Defendant. The Court further

recognizes that reaching a settlement eliminates the risk and cost to the SEC of pursuing this litigation as well as the cost to Defendant of defending litigation.

Courts appropriately give deference to a government agency charged with enforcing federal laws and settlements are viewed favorably. The Court, nonetheless, has an obligation to be certain the consent decree is fair, reasonable and adequate. Having examined the appropriate factors, the Court finds the consent decree agreed to by the parties in this case is fair, reasonable and adequate and it will be approved by the Court. Accordingly,

IT IS ORDERED that the Consent entered into by the parties is hereby approved and the proposed Final Judgment will be entered by the Court.

Dated this 9th day of July, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Margulies_
         DEPUTY

4